IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL URINA PAREDES,

      Plaintiff,                    CV F 05 0813 AWI WMW P

  vs.                           ORDER DISMISSING COMPLAINT
                                  WITH LEAVE TO AMEND

CORRECTIONAL CORP. OF AMERICA, et al.,

      Defendants.

      Plaintiff is a former federal prisoner proceeding pro se.  Plaintiff seeks relief pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action was filed by Plaintiff and several other inmates alleging unconstitutional conduct that occurred  while Plaintiff was housed at the California Correctional Center.   The other inmate plaintiffs were severed from this action.

      The complaint in this action consists of a lengthy recitation of grievances that Plaintiff

1

1  and other inmates were subjected to at California City.  The complaint includes grievances
2  regarding law library access, the quality of food, the prison grievance process, the prison
3  chaplain, access to religious services, access to telephone calls, the disciplinary processes, the
4  noise in the cell block, and various due process allegations.
5        The other prisoner plaintiffs were severed from this complaint.  The complaint before the
6  court, however, does not include allegations specifically as to Plaintiff, the sole remaining
7  Plaintiff in this action.  The complaint consists of many generalized allegations regarding prison
8  life, but does not charge any individual defendant with conduct specific to Plaintiff.
9        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
10 unable to determine whether the current action is frivolous or fails to state a claim for relief. The
11 court has determined that the complaint does not contain a short and plain statement as required
12 by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
13 complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
14 v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
15 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
16 claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
17 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
18 amended complaint.
19       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
21 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
22 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
23 there is some affirmative link or connection between a defendant's actions and the claimed
24 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
26

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint will result in a recommendation that this action be dismissed. IT IS SO ORDERED.

Mmkd34 **Dated:   September 11, 2006**      /s/ **William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE